UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BERMAN

10 CV 711

| | |
|---|---|
| DAVID LANDIN and DAVID ADAMOVIC, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> UBS SERVICES USA LLC and UBS FINANCIAL SERVICES, INC., <br><br> Defendants. | Civil Action No. <br><br> ECF Case <br><br> CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF <br><br> JURY TRIAL DEMANDED |



RECEIVED JAN 29 2010 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs David Landin and David Adamovic ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, The Ottinger Firm, P.C., allege, upon personal knowledge and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.  This is a collective and class action brought by Individual and Representative Plaintiffs David Landin and David Adamovic and all putative plaintiffs (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Defendants UBS Services USA LLC ("UBS") and UBS Financial Services, Inc. ("UBSFSI"), and were denied overtime compensation and "spread of hours" compensation as required by Federal and State wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.  The Collective Class is made of all persons who are or have been employed by Defendants at any time within the United States within three years prior to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

3.  The Class is made up of all persons who are or have been employed by Defendants within the State of New York within the period of three years prior to the filing date of this Complaint ("the Class Period") and who were subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek and for failure to pay one hour of additional pay for each hour in excess of 10 hours.

4.  During the Collective Class Period and the Class Period, Defendants unlawfully failed to pay overtime premiums for all hours worked over 40 in a given workweek. Plaintiffs seek relief of the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL") and Collective Class under the Fair Labor Standards Act ("FLSA"), to remedy the Defendants' failure to pay all wages due, in addition to injunctive relief.

## PARTIES

5.  Individual and representative Plaintiff David Landin resides in Westtown, New York. He has been employed by Defendants in their Manhattan offices as a Desktop Support Technician in the Technical Support Group of the Operations and Services Division of Defendants since January 2007.

6.  Individual and representative Plaintiff David Adamovic resides in Saddlebrook, New Jersey. He has been employed by Defendants as a Desktop Support Manager, Team Lead

2

Associate in their Manhattan offices in the Technical Support Group of the Operations and Services Division of UBS since January 2007.

7. Defendant UBSFSI is a domestic corporation doing business in New York. Defendant UBSFSII is incorporated in Delaware with U.S. Executive Headquarters in Weehawken, New Jersey. UBS maintains offices located in New York, New York.

8. Defendant UBS is a domestic limited liability corporation doing business in New York. Defendant UBS is incorporated in Delaware with U.S. Executive Headquarters in Weehawken, New Jersey. UBS maintains offices located in New York, New York.

9. Defendants UBS and UBSFSI are joint employers as that term is defined by the FLSA since employment by one employer is not completely dissociated from employment of another.

10. Defendants are joint employers and share common administrative and operational support services pursuant to agreement.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

12. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

15. Upon information and belief, all Defendants are subject to personal jurisdiction in New York.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring FSLA claims on behalf of themselves and other employees similarly situated as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All persons in the United States who are or have been employed by Defendants as Technical Support Associates with Defendants at any point during the Collective Class Period.

17. Defendants employed Plaintiffs during the Collective Class Period.

18. On information and belief, Defendants have employed more than 100 other Technical Support Associates in the Technical Support Group of the Operations and Services Division.

19. All Technical Support Associates are classified by the Defendants as non-management employees and are paid an hourly wage.

20. All of the Defendants' Technical Support Associates within Defendants' Technical Support Group, including Plaintiffs, provide technical support to Defendants' employees regarding installation and troubleshooting of Defendants' technology, including providing desktop computer, laptop computer, printer, telephone (including voicemail), firm systems, e-mail, remote access, and network and internet connectivity support services.

21. At all times during the Collective Class Period, Defendants authorized a misclassification of all of its Technical Support Associates in the Technical Support Group,

4

including Plaintiffs, as FLSA exempt and have, as a matter of policy, not paid them overtime premiums for hours worked in excess of 40 hours in a work week.

22.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

23.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policy in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

24.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed Class:**     All persons in the State of New York who are or have been employed by Defendants as Technical Support Associates with Defendants at any point during the Class Period.

25.     At all times during the Class Period, Defendants authorized a misclassification of all of its Technical Support Associates in the Technical Support Group, including Plaintiffs, as FLSA exempt and have, as a matter of policy, not paid them overtime premiums for hours worked in excess of 40 hours and failing to pay one hour of additional pay for each hour in excess of 10 hours.

26.     Numerosity:     The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the

relevant time period, Defendants employed over 100 people who satisfy the definition of the Proposed Class.

27. Typicality: The Plaintiffs' claims are typical of the members of the Proposed Class. Plaintiff is informed and believes that, like other Technical Support Associates, the putative plaintiffs were subject to the aforementioned unlawful policies during the Class Period. Plaintiffs had the same duties and responsibilities as other Class members. All Plaintiffs were subject to Defendants' policy and practice of unlawfully classifying Technical Support Associates as exempt from the FLSA and failing to pay "spread of hours" compensation for all hours worked over 10 in a given work day.

28. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

30. Commonality: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

   a. Whether Defendants improperly classified the Proposed Class of Technical Support Associates as exempt under the NYLL;

   b. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of NYLL;

   c. Whether Defendant employed Plaintiff and the Proposed Class within the meaning of New York law;

      d. The proper measure of damages sustained by the Proposed Class; and

      e. Whether Defendant's actions were "willful."

31. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

32. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the wages to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

33. Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and addresses of the Proposed Class are available from Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

34.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

35.     Plaintiffs' consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). Plaintiffs' written consent form is attached hereto. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

36.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continues to employ employees, including Plaintiffs, and the Collective Class members. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

37.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

38.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

39.     By failing to accurately record, report, and/or preserve records of hours worked by the Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and

other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, *et seq.*

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

41.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b

## AS AND FOR A SECOND CAUSE OF ACTION

### (New York Labor Law: Unpaid Overtime Wages)

42.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

43.     At all relevant times, Plaintiffs were employees and Defendants have been an employer within the meaning of the New York Labor Law.

44.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

45.     Defendants have failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

46.     By Defendants' failure to pay Plaintiff and the Rule 23 Class Members premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

47. Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION

### (New York Labor Law: Spread-of-Hours Pay)

48. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

49. Consistent with their policy and pattern or practice, Defendants have willfully failed to pay Plaintiffs and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

50. By Defendants' failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

51. Plaintiffs do not seek liquidated damages under the NYLL.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Proposed Class, pray for relief as follows:

52. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

53. That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs and the Class;

54. That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the Class;

55. That Defendants' violations as described above are found to be willful;

56. An award to Plaintiffs and the Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

57. That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

58. An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

59. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

60. For the purposes of maintaining the Class Action, Plaintiffs hereby waive their right to special damages under the NYLL, thereby circumventing the prohibition

against class recovery for special damages under CPLR § 901(b). Plaintiffs do not waive their right to recover liquidated damages under the FLSA.

## JURY DEMAND

61. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED: January 28, 2010

                                              The Ottinger Firm, P.C.

*/s/ Christopher Davis*

Robert W. Ottinger (RO-8879)
Christopher Q. Davis (CD-7282)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
Telephone: (212) 571-2000

Attorneys for Plaintiffs and the Proposed Class

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against UBS AG, UBS SERVICES USA LLC and UBS FINANCIAL SERVICES, INC., and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in the suit.

_____
Signature

David Laudin
Print name

96 Ridge Rd
Address

Westtown  NY 10998
City, State, and Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against UBS AG, UBS SERVICES USA LLC and UBS FINANCIAL SERVICES, INC., and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in the suit.

_David Adamavic_
Signature

_David Adamavic_
Print name

_345 Saddle River Rd._
Address

_Saddlebrook NJ 07603_
City, State, and Zip Code