**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
DAVID LANDIN, et al.,                                    :
                                                          :
                          Plaintiffs,                     :
                                                          :        10 Civ. 711 (RMB) (HBP)
          -against-                                       :
                                                          :        <u>**DECISION & ORDER**</u>
UBS SERVICES USA LLC, et al.,                            :
                                                          :
                          Defendants.                     :
-----------------------------------------------------------X

       Having reviewed the record herein, including **(i)** the second amended complaint, filed on November 10, 2010 by David Landin and David Adamovic ("Plaintiffs"), on behalf of themselves and similarly situated "Desktop Support Technicians" ("DSTs"), against UBS AG, UBS Services USA LLC, and UBS Financial Services, Inc. (collectively, "Defendants"), alleging that Defendants improperly classified Plaintiffs and other DSTs as exempt employees and failed to pay them overtime. The Complaint describes two classes of DSTs, <u>i.e.</u>, one "opt-in" class of 72 DSTs "who are or have been employed by Defendants at any time within the United States" and who assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 <u>et</u> <u>seq.</u> ("FLSA Class") (<u>see</u> Compl. ¶¶ 2, 17), and one "opt-out" class of 42 DSTs "who are or have been employed by Defendants within the State of New York" and who assert claims under both the FLSA and Article 19 of the New York Labor Law ("NYLL Class," and together with the FLSA Class, the "Settlement Class") (<u>see</u> Compl. ¶¶ 3, 25.) The proposed FLSA Class and the proposed NYLL Class assert substantially the same claims against Defendants, <u>i.e.</u>, that they were "subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek," and seek substantially the same relief, <u>i.e.</u>, "to remedy

Defendants' failure to pay all wages due."[1]  (Compl. ¶¶ 2–4); **(ii)** the parties' joint motion, dated October 28, 2011, seeking (a) preliminary approval of a settlement in the amount of $1,400,000 executed by the parties on October 28, 2011 ("Proposed Settlement"), (b) conditional certification of the proposed FLSA Class as a collective action under Section 216 of the FLSA and certification of the proposed NYLL Class under Rule 23 of the Federal Rules of Civil Procedure, (c) appointment of Ottinger Firm, P.C. as class counsel, (d) approval of a draft opt-in notice to the FLSA Class ("Opt-In Notice") and approval of a draft opt-out notice to the NYLL Class ("Opt-Out Notice," and together with the Opt-In Notice, "Notices"), and (e) the scheduling of a "fairness hearing" to consider the Proposed Settlement (see Joint Mot. at Ex. 1 (Proposed Settlement)); and **(iii)** applicable law, **the Court hereby grants the parties' motion for preliminary approval of the Proposed Settlement [#70], conditionally certifies the proposed FLSA and NYLL Classes, appoints Ottinger Firm, P.C. as class counsel, approves the Notices (attached as Exhibits A and B), and directs that a fairness hearing be held on May 15, 2012**, at **10:00 a.m.** as follows:

(1)     The Court is guided by the "strong judicial policy in favor of settlement of class action suits." Matheson v. T-Bone Rest., LLC, No. 09 Civ. 4214, 2011 WL 6268216, at *4 (S.D.N.Y. 2011) (internal quotation marks and alterations omitted).  The Proposed Settlement provides for significant monetary relief to the Settlement Class based upon a formula that approximates the amount of money the class members would have received had they been paid overtime, i.e., time and a half of their hourly wage, for overtime hours worked during the class

---

[1]     The principal difference between the two classes is the manner in which class members may participate in the settlement, i.e., the proposed FLSA Class may opt-in to the action, while the proposed NYLL Class may opt-out.  The proposed FLSA Class of 72 DSTs and the proposed NYLL Class of 42 DSTs, together, comprise of 114 DSTS.

period.[2]  (See Compl. ¶ 38; Proposed Settlement ¶ 17(d)(i)); Paz v. Piedra, No. 09 Civ. 03977,

2012 WL 121103, at *9 (S.D.N.Y. Jan. 12, 2012).  The Proposed Settlement appears to be the

product of serious, informed, non-collusive negotiations and is sufficiently fair, reasonable, and

adequate to justify the sending of the Notices and setting the date for a fairness hearing.  See

Matheson, 2011 WL 6268216, at *4; Clark v. Ecolab, Inc., Nos. 07 Civ. 8623, 06 Civ. 5672, 04

Civ. 4488, 2009 WL 6615729, at *6 (S.D.N.Y. Nov. 27, 2009); (Joint Mem. at 10.)

    (2)     The proposed two Classes are hereby certified under the FLSA and

Fed. R. Civ. P. Rule 23, respectively.  See In re Marsh ERISA Litig., 265 F.R.D. 128, 142

(S.D.N.Y. 2010); Cuzco v. Orion Builders, Inc., 262 F.R.D. 325, 327 (S.D.N.Y. 2009); Alli v.

Boston Market Corp., No. 3:10–cv–00004, 2011 WL 6156938, at *2 (D.Conn. Dec. 9, 2011).

    The FLSA Class includes DSTs who were neither officers nor managers and who worked

throughout the United States (but not in New York State) for Defendants between January 1,

2007 and June 2, 2008 ("Class Period").  (See Compl. ¶ 2; Proposed Settlement ¶ 4.)  The NYLL

Class includes DSTs who were neither officers nor managers and who worked in New York

State for Defendants during the Class Period.  (See Compl. ¶ 3; Proposed Settlement ¶ 5.)[3]

---

[2]     According to Plaintiffs' counsel, with the exception of Plaintiffs David Landin, David
Adamovic, and Juan Arvello, the Proposed Settlement provides (assumes) that each class
member worked approximately 7.08 hours in excess of 40 hours each work week.  (See Proposed
Settlement ¶ 17(i)(x).)  With respect to Landin, Adamovic, and Arvello, who supported the
Global Asset Management business unit, the Proposed Settlement provides (assumes) they
worked 20 overtime hours per work week (instead of 7.08).  (See Proposed Settlement
¶¶ 17(i)(vi)(vii).)  The Court is relying upon Plaintiffs' counsel's assurances that Landin,
Adamovic, and Arvello "work[ed] much longer hours than the remainder of the class" because
the Global Asset Management business unit was "short-staffed" during the Class Period.  (See
Ltr. to the Hon. Richard M. Berman, dated Feb. 8, 2010, at 2.)

[3]     Accordingly, the Settlement Class includes:

        [a]ll persons who are or have been employed by UBS AG, UBS
        Services USA LLC, and/or UBS Financial Services in the

3

**(a)** The Court finds that the 72 members of the proposed opt-in FLSA Class "are similarly situated within the meaning" of the FLSA. That is, Plaintiffs have made at least "a modest factual showing sufficient to demonstrate that they and [the class] together were victims of a common policy or plan that violated the law." See 29 U.S.C. § 216(b); Iglesias-Mendoza v. LaBelle Farm, Inc., 239 F.R.D. 363, 367–68 (S.D.N.Y. 2007) (internal quotation marks omitted). The parties agree that the proposed class members were subject to common wage, overtime, and payroll practices which may have violated the FLSA. (Joint Mem. at 25–26, 28); Iglesias-Mendoza, 239 F.R.D. at 368.

**(b)** The Court finds that the 42 members of the proposed opt-out NYLL Class have established numerosity, typicality, and adequacy. See Fed. R. Civ. P. 23(a)(1), (3), (4); (see Joint Mem. at ¶ 5, 23; Proposed Settlement ¶ 1, Ex. A at 3); Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members"). Plaintiffs' claims are typical of the NYLL Class members' claims because they all were DSTs who "worked overtime hours for which he or she was not properly paid." (Joint Mem. at 23–24); Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 158 (S.D.N.Y. 2008). Named Plaintiffs David Landin and David Adamovic are adequate representatives because they "have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests

---

        United States, classified as exempt and holding the position Desktop Support Technician who were neither officers nor managers, primarily engaged in incident management who held the title Help Desk Associate 2, User/Technical Support-Associate 2, or User/Technical Support-Lead Associate/Tech Expert 1 within the On-Site Services Group at any time between January 1, 2007 to June 2, 2008.

(See Proposed Settlement ¶ 3.)

of other class members." Whitehorn v. Wolfgang's Steakhouse, Inc., 275 F.R.D. 193, 200 (S.D.N.Y. 2011) (internal quotation marks omitted). The NYLL Class (and the FLSA Class) are represented by counsel who appear to be qualified, experienced, and able to conduct this litigation. See Matheson, 2011 WL 6268216, at *3. The NYLL Class also meets the commonality requirement, i.e., there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The principal common questions are whether each DST who worked in New York State was incorrectly categorized as a nonexempt worker and whether each DST worked overtime hours for which he or she was not properly paid. (Joint Mem. at 23); see also Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551, 2554 (2011); Clark, 2009 WL 6615729, at *3 ("Plaintiffs and the class members share common issues of fact and law, including whether . . . Defendant violated wage and hour laws by failing to pay overtime premium pay for hours worked over 40 in a workweek."). It is appropriate for the NYLL Class to proceed as a Rule 23(b)(3) class action because "questions of law or fact common to class members predominate over any questions affecting only individual members"; and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); see Iglesias-Mendoza, 239 F.R.D. at 373 (where "the class members were supposed to be paid overtime for working more than 40 hours a week and were not"); Spicer v. Pier Sixty LLC, 269 F.R.D. 321, 338 (S.D.N.Y. 2010) ("Courts in this Circuit have found that permitting New York Labor Law claims to proceed as Rule 23(b)(3) class actions along with FLSA collective actions is a superior method.") (alterations omitted).

(3) The Ottinger Firm, P.C. is appointed class counsel because its attorneys have "extensive experience managing and litigating overtime lawsuits, including lawsuits brought under the FLSA," and have "done substantial work identifying, investigating, prosecuting, and

settling Plaintiffs' and the [c]lass [m]embers' claims."  (Decl. of Christopher Q. Davis, dated Aug. 25, 2011, ¶¶ 34, 46); see Fed. R. Civ. P. 23(g).

**(4)** The Notices and method of notification set forth in the Proposed Settlement are hereby approved as "the best notice that is practicable under the circumstances."  Fed. R. Civ. P. 23(c)(2)(B).  The Notices fairly and adequately advise the Settlement Class of the terms of the settlement, how they can participate in or be excluded from the Proposed Settlement, and how they can object to the Proposed Settlement.  They also provide notice of the time, date, and place of the fairness hearing.  (See Proposed Settlement ¶ 20); Fed. R. Civ. P. 23(c)(2)(B); Matheson, 2011 WL 6268216, at *6; Alli, 2011 WL 6156938, at *4 (approving one notice for opt-in class members and a second notice for opt-out class members); Torres v. Gristede's Operating Corp. Nos. 04-CV-3316, 08-CV-8531, 08-CV-9627, 2010 WL 2572937, at *4 (S.D.N.Y. June 1, 2010) (approving method for delivering notices to class members).

The members of the FLSA class will be sent the Opt-In Notice (and claim forms) attached as Exhibit A.  (Proposed Settlement at ¶ 20(c).)  The Opt-In Notice is "adequate" because, among other things, it provides notice to the class members of "the pendency of the action and of their opportunity to opt-in as represented plaintiffs," Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010), and "fairly, accurately, and reasonably informs FLSA Class [m]embers that failure to complete and submit [a claim form], in the manner and time specified, shall constitute a waiver of any right to obtain any share of the [s]ettlement [p]ayment," Alli, 2011 WL 6156938, at *4; see Clark, 2009 WL 6615729, at *6.

The members of the NYLL Class will be sent the Opt-Out Notice (and exclusion forms) attached as Exhibit B.  (Proposed Settlement ¶ 20(b).)  The Opt-Out Notice (similarly) fairly, plainly, accurately, and reasonably informs the individuals of: (i) the nature of the action; (ii) the

definition of the class certified; (iii) the class claims and defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion by submitting an exclusion form; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). See Fed. R. Civ. P. 23(c)(2); see also Alli, 2011 WL 6156938, at *4.

(5) The Court will hold a public fairness hearing on May 15, 2012 at 10:00 a.m. in Courtroom 21B (21st floor) of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. See Clark, 2009 WL 6615729, at *7.

Dated: New York, New York
      February 14, 2012



RICHARD M. BERMAN, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2 | 14 | 12

# EXHIBIT A

# OPT-IN NOTICE

**NOTICE OF COLLECTIVE AND CLASS ACTION AND PROPOSED SETTLEMENT**

TO:    **ALL NON-OFFICER, NON-MANAGEMENT INDIVIDUALS EMPLOYED IN THE UNITED STATES BY UBS AG, UBS SERVICES USA LLC OR UBS FINANCIAL SERVICES INC. AS A DESKTOP SUPPORT TECHNICIAN CLASSIFIED AS EXEMPT AND HOLDING THE POSITION HELP DESK-ASSOCIATE 2, USER/TECHNICAL SUPPORT-ASSOCIATE 2, OR USER/TECHNICAL SUPPORT-LEAD ASSOCIATE/TECH EXPERT 1 AND WHO PRIMARILY ENGAGED IN INCIDENT MANAGEMENT WORK AT ANY TIME BETWEEN JANUARY 1, 2007 AND JUNE 2, 2008 WITHIN THE ON-SITE SERVICES GROUP.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS.**
**PLEASE READ IT CAREFULLY.**

**YOU ARE HEREBY NOTIFIED AS FOLLOWS:**

A proposed settlement ("Settlement") has been reached between the parties in this collective and class action pending in the United States District Court for the Southern District of New York. This action was brought on behalf of all individuals described above (the "Class"). The Court has preliminarily approved the Settlement and conditionally certified the Class. You have received this notice because the parties' records indicate that you are a member of the Class. This notice is designed to inform you of how you can participate in the Settlement, elect not to participate in the Settlement, or otherwise object to the Settlement. **If you do not opt in to the Settlement in a timely manner, and if the Settlement is finally approved by the Court, the Settlement will not be binding upon you, and you will not receive a settlement payment.** If the Settlement is approved by the Court, and you wish to participate, you must submit the attached claim form to receive a settlement payment. You will participate in the Settlement by receiving a settlement payment while releasing all wage and hour claims against UBS, so long as you opt in to the Settlement.

## I.    NATURE OF THE CASE

On January 29, 2010, David Landin and David Adamovic ("Plaintiffs") filed a class action lawsuit against UBS AG, UBS Services USA LLC, and UBS Financial Services, Inc. ( "UBS") claiming that UBS misclassified them as exempt employees and failed to pay them overtime for hours they worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York Labor Law ("NYLL"). The lawsuit is entitled Landin v. UBS AG, UBS Services USA LLC and UBS Financial Services, Inc., No. 10 Civ. 711.

The lawsuit is now proceeding as a conditionally certified collective action and class action pursuant to the FLSA and NYLL, respectively. After good-faith negotiations between Plaintiffs'

counsel, Ottinger Firm, P.C. ("Class Counsel"), and counsel for UBS, Plaintiffs and UBS agreed to settle the action for up to $1,400,000 pursuant to the terms and conditions of the Settlement.

UBS denies any liability or wrongdoing of any kind associated with the claims alleged. Nothing in the Settlement is intended to or will be construed as an admission by UBS that Plaintiffs' claims in the action have merit or that it has any liability to Plaintiffs or the Class on those claims.

## II.     DEFINITION OF THE CLASS

The Court has conditionally certified a collective action and class action that is defined to include:

> all persons who are or have been employed by UBS AG, UBS Services USA LLC, and/or UBS Financial Services in the United States, classified as exempt and holding the position Desktop Support Technician ("DST") who were neither officers nor managers, primarily engaged in incident management who held the title Help Desk Associate 2, User/Technical Support-Associate 2, or User/Technical Support-Lead Associate/Tech Expert 1 within the On-Site Services Group at any time between January 1, 2007 to June 2, 2008 ("Class Period").

You are getting this notice because UBS's records show that you work or worked as a DST in the United States during the Class Period.

## III.     SUMMARY OF THE SETTLEMENT

### A.  Who is included in the Settlement?

You are included in the Settlement if you are a member of the Class as defined in section II above and you opt in to the Settlement.

It is estimated that there are approximately 114 members of the Class. **Unless at least 60 Class members participate in the Settlement, UBS will have the right to void the Settlement.**

### B.  What is the legal effect of participating in the Settlement?

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice. If you opt in to the Settlement, you will be deemed to have (1) accepted the Settlement and agreed to accept your share of the Settlement fund; and (2) fully released and discharged UBS (and all related entities) from all claims relating to UBS's (and all related entities') alleged misclassification of employees and failure to pay overtime wages. When a person "releases" their claims, that means he or she cannot sue UBS (and all related entities) for any of the claims covered by the release.

**C. What if I do not want to participate in the Settlement?**

If you do not want to participate in the Settlement, or you want to pursue your own lawsuit, you need not do anything. If you do not opt-in, you will not be bound by the Settlement.

**D. How do I opt in to the Settlement?**

To opt in to the Settlement, you must fully complete the enclosed claim form attached to this Notice ("Claim Form") and mail it via first class mail postmarked on or before 45 days after the Notice is mailed to you to:

**Settlement Administrator:**

Rust Consulting, Inc.
Mailing Administrator
P. O. Box 2562
Faribault, MN 55021-9562
Tel. No.: (866) 730-8147
Fax. No.: (866) 458-3183

**E. What will I receive from the Settlement?**

You will receive a payment pursuant to a formula based on the number of weeks you worked during the Class Period as a class member ("Settlement Payment"). Settlement Payments will be subject to federal, state, and local income tax withholding and/or reporting.

Your Settlement Payment will be based on the following formula:

1. It will be assumed that you worked approximately 7.08 hours in excess of 40 hours each workweek during the Class Period ("Premium Pay Hours").

2. Your annual salary in effect at the time will be divided by 2,080 (i.e., number of working hours in a 52-week year at 40 hours per week) in order to estimate your hourly wage. The resulting amount will be multiplied by .5, which approximates the additional amount you would have received if you had been paid time and a half for overtime ("Premium Pay Rate").

3. Total Premium Pay Hours will be multiplied by the Premium Pay Rate(s).

4. Defendants will then subtract applicable tax withholding and mail you the difference by check.

The Settlement Payment will come from a total settlement amount of up to $1,400,000 ("Maximum Payment") less (i) Class Counsel's fees and costs, if approved by the Court; (ii) costs of administering the Settlement, if approved by the Court; and (iii) a residual or error fund consisting of $50,000 to correct any errors ("Residual or Error Fund").

### F. When will I receive my Settlement Check?

The Settlement Payments will be mailed to class members within 45 days after final approval of the Settlement. If objections are filed and overruled, the Settlement Payments will be mailed to the Class within 45 days after the deadline to file an appeal to the United States Court of Appeals for the Second Circuit has passed. If any appeals are filed, the Settlement Payments will be mailed 45 days after those appeals are withdrawn or denied.

You will have ninety (90) calendar days after the Settlement Administrator has mailed your settlement check to cash it. If you do not cash your settlement check within the ninety (90) day period, your settlement check will be void. You will remain bound by all terms of the Settlement even if you do not cash your check.

### G. What are the settlement payments to David Adamovic, David Landin, and Juan Arvelo?

The Proposed Settlement provides for three members of the Settlement Class, David Landin, David Adamovic, and Juan Arvelo, to be credited with having worked 20 overtime hours per workweek (instead of 7.08 hours). An investigation by Class Counsel shows that David Landin, David Adamovic, and Juan Arvelo, who were members of the Global Asset Management Group, worked significantly more overtime than DSTs in other groups during the Class Period. Their settlement payments will otherwise be calculated as described above. These payments will be deducted from the Maximum Payment. The Court must approve such payments.

### H. What are the Class Counsel Fees and Costs?

Class Counsel will seek approval from the Court for payment of their fees in an amount totaling 33.33% of the Maximum Payment, or $466,666.67. (This figure does not include $9,361.05 in litigation costs and $13,945 for the Settlement Claims Administrator.) If approved by the Court, these fees and costs will be deducted from the Maximum Payment.

Class Counsel believes the amount requested for fees and costs is fair and reasonable, and UBS will not oppose their request for such amount. But there is no assurance that these amounts will be approved by the Court.

### I. What happens to unused money in the Residual or Error Fund?

Any unused portion of the Residual or Error Fund will be distributed equally to the Class members participating in the Settlement.

## IV. RIGHTS AS A CLASS MEMBER

### A. How can I participate in the Settlement?

The Plaintiffs and Class Counsel represent your interests as a Class member. If you elect to participate in the Settlement by "opting in" in a timely manner, you will be a part of the Class, you will receive a settlement payment, you will be bound by the terms of the Settlement, and you

will be deemed to have released the claims as described above. As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you decide to retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

**UBS EMPHASIZES THAT THERE WILL BE NO RETALIATION AGAINST ANY CLASS MEMBER FOR PARTICIPATING OR NOT PARTICIPATING IN THE SETTLEMENT.**

### B. What if I do not opt in?

If you do not opt in to the Settlement in the manner described in section III(d) above by completing the Claim Form at the end of this Notice, you will not be bound by the terms of the Settlement, and you will not receive a settlement payment as calculated in section III(e), above.

### C. May I enter an appearance?

You may enter an appearance in the lawsuit through an attorney.

### D. How can I object to the Settlement?

You may object to the Settlement by writing to Class Counsel (Christopher Q. Davis, Esq., The Ottinger Firm). If you wish to present your objection at the final approval hearing, called the "fairness hearing," you should state your intention to do so in your written objection.

The statement of objection should be mailed to the following addresses via first class mail postmarked on or before 45 days after this Notice was mailed to you:

**Plaintiffs' Counsel:**
Christopher Q. Davis
Ottinger Firm, P.C.
19 Fulton St., Suite 408
New York, New York 10038
Attorneys for Plaintiffs

## V. PLAINTIFFS' AND CLASS COUNSEL'S SUPPORT OF THE SETTLEMENT

The Plaintiffs and Class Counsel support this Settlement. Their reasons include the inherent risk of denial of collective action and class action certification, the risk of no recovery or limited recovery if a trial proceeded on the merits, and the inherent delays and uncertainties associated with litigation. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believes that the Settlement is fair, reasonable, and adequate.

## VI.    FINAL SETTLEMENT APPROVAL OR FAIRNESS HEARING

The Court will hold a final approval or fairness hearing in the U.S. Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York on May 15, 2012 at 10:00 a.m. to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees.  Class Counsel is seeking approval of up to $466,666.67 in attorneys' fees incurred or to be incurred. The hearing may be postponed without further notice to the Class.  It is not necessary for you to appear at this hearing, but you may appear if you wish to.

## VII.   GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement you are referred to the detailed Amended Joint Stipulation of Settlement and Release Between Plaintiffs and Defendants, dated October 28, 2011 to be posted at: [INSERT WEBSITE ADDRESS].  You may contact Class Counsel (The Ottinger Firm, 19 Fulton Street, Suite 408, New York, New York 10038, 212-571-2000) to examine or review the pleadings and other records in this litigation, including the Amended Joint Stipulation of Settlement and Release.

If you have any questions or require additional information, you may write to Class Counsel (Christopher Q. Davis, Esq., The Ottinger Firm, 19 Fulton Street, Suite 408, New York, New York 10038, 212-571-2000) or call them.  Please state that you are requesting assistance regarding the UBS Litigation.


Date of Mailing:  _____, 2012

# CLAIM FORM

---

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT, YOU *MUST* COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THIS FORM AND RETURN IT VIA FIRST CLASS MAIL, TO THE ADDRESS BELOW, POSTMARKED ON OR BEFORE 45 DAYS AFTER THE NOTICE IS MAILED TO YOU.**

**IF YOU DO *NOT* WANT TO BE INCLUDED IN THE SETTLEMENT, DO NOT COMPLETE THIS FORM.  YOU NEED NOT TAKE ANY FURTHER ACTION.**

---

Settlement Administrator:

Rust Consulting, Inc.

Mailing Administrator

P. O. Box 2562

Faribault, MN  55021-9562

Tel. No.:  (866) 730-8147

Fax. No.: (866) 458-3183

I declare as follows:

1. I consent to participate in the Settlement of the lawsuit pending in the United States District Court, Southern District of New York captioned *David Landin and David Adamovic, individually and on behalf of all others similarly situated v. UBS AG, UBS Services USA LLC and UBS Financial Services, Inc.*

2. I designate The Ottinger Firm, P.C. to represent me in that lawsuit for purposes of settlement only.

3. I received notice of the proposed settlement in this action, and I wish to be included in the class and to participate in the proposed settlement.

Dated: _____, 2012

_____
(Signature)

_____
(Typed or Printed Name)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)

# EXHIBIT B

# OPT-OUT NOTICE

**NOTICE OF COLLECTIVE AND CLASS ACTION AND PROPOSED SETTLEMENT**

TO:    **ALL NON-OFFICER, NON-MANAGEMENT INDIVIDUALS EMPLOYED IN THE UNITED STATES BY UBS AG, UBS SERVICES USA LLC OR UBS FINANCIAL SERVICES INC. AS A DESKTOP SUPPORT TECHNICIAN CLASSIFIED AS EXEMPT AND HOLDING THE POSITION HELP DESK-ASSOCIATE 2, USER/TECHNICAL SUPPORT-ASSOCIATE 2, OR USER/TECHNICAL SUPPORT-LEAD ASSOCIATE/TECH EXPERT 1 AND WHO PRIMARILY ENGAGED IN INCIDENT MANAGEMENT WORK AT ANY TIME BETWEEN JANUARY 1, 2007 AND JUNE 2, 2008 WITHIN THE ON-SITE SERVICES GROUP.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS.**
**PLEASE READ IT CAREFULLY.**

**YOU ARE HEREBY NOTIFIED AS FOLLOWS:**

A proposed settlement ("Settlement") has been reached between the parties in this collective and class action pending in the United States District Court for the Southern District of New York. This action was brought on behalf of all individuals described above (the "Class"). The Court has preliminarily approved the Settlement and conditionally certified the Class. You have received this notice because the parties' records indicate that you are a member of the Class. This notice is designed to inform you of how you can participate in the Settlement, elect not to participate in the Settlement, or otherwise object to the Settlement. **If you do not opt out in a timely manner, and if the Settlement is finally approved by the Court, the Settlement will be binding upon you, even if you object to the Settlement.** If the Settlement is approved by the Court, and you wish to participate, you do not need to do anything to receive a settlement payment. You will participate in the Settlement by receiving a settlement payment while releasing all wage and hour claims against UBS, so long as you do not opt out of the Settlement.

**I.**    **NATURE OF THE CASE**

On January 29, 2010, David Landin and David Adamovic ("Plaintiffs") filed a class action lawsuit against UBS AG, UBS Services USA LLC, and UBS Financial Services, Inc. ( "UBS") claiming that UBS misclassified them as exempt employees and failed to pay them overtime for hours they worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York Labor Law ("NYLL"). The lawsuit is entitled <u>Landin v. UBS AG, UBS Services USA LLC and UBS Financial Services, Inc.</u>, No. 10 Civ. 711.

The lawsuit is now proceeding as a conditionally certified collective action and class action pursuant to the FLSA and NYLL, respectively. After good-faith negotiations between Plaintiffs' counsel, Ottinger Firm, P.C. ("Class Counsel"), and counsel for UBS, Plaintiffs and UBS agreed to settle the action for up to $1,400,000 pursuant to the terms and conditions of the Settlement.

UBS denies any liability or wrongdoing of any kind associated with the claims alleged. Nothing in the Settlement is intended to or will be construed as an admission by UBS that Plaintiffs' claims in the action have merit or that it has any liability to Plaintiffs or the Class on those claims.

## II.     DEFINITION OF THE CLASS

The Court has conditionally certified a collective action and class action that is defined to include:

> all persons who are or have been employed by UBS AG, UBS
> Services USA LLC, and/or UBS Financial Services in the
> United States, classified as exempt and holding the position
> Desktop Support Technician ("DST") who were neither
> officers nor managers, primarily engaged in incident
> management who held the title Help Desk Associate 2,
> User/Technical Support-Associate 2, or User/Technical
> Support-Lead Associate/Tech Expert 1 within the On-Site
> Services Group at any time between January 1, 2007 to June 2,
> 2008 ("Class Period").

You are getting this notice because UBS's records show that you work or worked as a DST in New York during the Class Period.

## III.     SUMMARY OF THE SETTLEMENT

### A.  Who is included in the Settlement?

You are included in the Settlement if you are a member of the Class as defined in section II above.

It is estimated that there are approximately 114 members of the Class.  **Unless at least 60 Class members participate in the Settlement, UBS will have the right to void the Settlement.**

### B.  What is the legal effect of participating in the Settlement?

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice. If you did not opt out of the Settlement, you will be deemed to have (1) accepted the Settlement and agreed to accept your share of the Settlement Fund; and (2) fully released and discharged UBS (and all related entities) from all claims relating to UBS's (and all related entities') alleged misclassification of employees and failure to pay overtime wages.  When a person "releases" their claims, that means he or she cannot sue UBS (and all related entities) for any of the claims covered by the release.

### C.  What if I do not want to participate in the Settlement?

If you do not want to participate in the Settlement, or you want to pursue your own lawsuit, you must opt out of the Settlement.  Any person who "opts out" in a timely fashion will not participate in the Settlement.  If you do not opt-out, you will be bound by the Settlement.

### D.  How do I opt out of the Settlement?

To opt out you must fully complete the enclosed exclusion form attached to this Notice ("Exclusion Form") and mail it via first class mail postmarked on or before 45 days after this Notice is mailed to you to:

**Settlement Administrator:**

Rust Consulting, Inc.
Mailing Administrator
P. O. Box 2562
Faribault, MN  55021-9562
Tel. No.:  (866) 730-8147
Fax. No.: (866) 458-3183

Any Class member who initially submits a timely and valid Exclusion Form may rescind that form by submitting a rescission statement to Class Counsel no later than one business day prior to the final approval or fairness hearing.

### E.  What will I receive from the Settlement?

You will receive a payment pursuant to a formula based on the number of weeks you worked during the Class Period as a class member ("Settlement Payment").  Settlement Payments will be subject to federal, state, and local income tax withholding and/or reporting.

Your Settlement Payment will be based on the following formula:

1. It will be assumed that you worked approximately 7.08 hours in excess of 40 hours each workweek during the Class Period ("Premium Pay Hours").

2. Your annual salary in effect at the time will be divided by 2,080 (i.e., number of working hours in a 52-week year at 40 hours per week) in order to estimate your hourly wage.  The resulting amount will be multiplied by .5, which approximates the additional amount you would have received if you had been paid time and a half for overtime ("Premium Pay Rate").

3. Total Premium Pay Hours will be multiplied by the Premium Pay Rate(s).

4. Defendants will then subtract applicable tax withholding and mail you the difference by check.

The Settlement Payment will come from a total settlement amount of up to $1,400,000 ("Maximum Payment") less (i) Class Counsel's fees and costs, if approved by the Court; (ii) costs of administering the Settlement, if approved by the Court; and (iii) a residual or error fund consisting of $50,000 to correct any errors ("Residual or Error Fund").

### F.  When will I receive my Settlement Check?

The Settlement Payments will be mailed to class members within 45 days after final approval of the Settlement. If objections are filed and overruled, the Settlement Payments will be mailed to the Class within 45 days after the deadline to file an appeal to the United States Court of Appeals of the Second Circuit has passed. If any appeals are filed, the Settlement Payments will be mailed 45 days after those appeals are withdrawn or denied.

You will have ninety (90) calendar days after the Settlement Administrator has mailed your settlement check to cash it.  If you do not cash your settlement check within the ninety (90) day period, your settlement check will be void.  You will remain bound by all terms of the Settlement even if you do not cash your check.

### G.  What are the settlement payments to David Adamovic, David Landin, and Juan Arvelo?

The Proposed Settlement provides for three members of the Settlement Class, David Landin, David Adamovic, and Juan Arvelo, to be credited with having worked 20 overtime hours per workweek (instead of 7.08 hours).  An investigation by Class Counsel shows that David Landin, David Adamovic, and Juan Arvelo, who were members of the Global Asset Management Group, worked significantly more overtime than DSTs in other groups during the Class Period.  Their settlement payments will otherwise be calculated as described above.  These payments will be deducted from the Maximum Payment. The Court must approve such payments.

### H.  What are the Class Counsel Fees and Costs?

Class Counsel will seek approval from the Court for payment of their fees in an amount totaling 33.33% of the Maximum Payment, or $466,666.67.  (This figure does not include $9,361.05 in litigation costs and $13,945 for the Settlement Claims Administrator.)  If approved by the Court, these fees and costs will be deducted from the Maximum Payment.

Class Counsel believes the amount requested for fees and costs is fair and reasonable, and UBS will not oppose their request for such amount.  But there is no assurance that these amounts will be approved by the Court.

### I.  What happens to unused money in the Residual or Error Fund?

Any unused portion of the Residual or Error Fund will be distributed equally to Class members participating in the Settlement.

**UBS EMPHASIZES THAT THERE WILL BE NO RETALIATION AGAINST ANY CLASS MEMBER FOR PARTICIPATING OR NOT PARTICIPATING IN THE SETTLEMENT.**

## IV.    WHAT ARE MY RIGHTS AS A CLASS MEMBER?

### A.  How can I participate in the Settlement?

The Plaintiffs and Class Counsel represent your interests as a Class member. Unless you elect not to participate in the Settlement by "opting out" in a timely manner, you are a part of the Class, you will receive a settlement payment, and you will be bound by the terms of the Settlement and you will be deemed to have released the claims as described above. As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you decide to retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

### B.  How can I exclude myself from the Settlement?

You may exclude yourself from the Settlement in the manner described in section III(d) above by completing the Exclusion Form at the end of this Notice.

### C.  May I enter an appearance?

You may enter an appearance in the lawsuit through an attorney.

### D.  How can I object to the Settlement?

You may object to the Settlement by writing to Class Counsel (Christopher Q. Davis, Esq., The Ottinger Firm). If you wish to present your objection at the final approval hearing, called the "fairness hearing," you should state your intention to do so in your written objection.

The statement of objection should be mailed to the following addresses via first class mail postmarked on or before 45 days after this Notice was mailed to you:

**Plaintiffs' Counsel:**
Christopher Q. Davis
Ottinger Firm, P.C.
19 Fulton St., Suite 408
 New York, New York 10038
Attorneys for Plaintiffs

## V.    PLAINTIFFS' AND CLASS COUNSEL'S SUPPORT OF THE SETTLEMENT

The Plaintiffs and Class Counsel support this Settlement. Their reasons include the inherent risk of denial of collective action and class action certification, the risk of no recovery or limited

recovery if a trial proceeded on the merits, and the inherent delays and uncertainties associated with litigation.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believes that the Settlement is fair, reasonable, and adequate.

## VI.    FINAL SETTLEMENT APPROVAL OR FAIRNESS HEARING

The Court will hold a final approval or fairness hearing in the U.S. Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York on May 15, 2012, at 10:00 a.m. to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees. Class Counsel is seeking approval of up to $466,666.67 in attorneys' fees incurred or to be incurred. The hearing may be postponed without further notice to the Class.  It is not necessary for you to appear at this hearing, but you may appear if you wish to.

## VII.    GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement you are referred to the detailed Amended Joint Stipulation of Settlement and Release Between Plaintiffs and Defendants, dated October 28, 2011 posted at: [INSERT WEBSITE ADDRESS].  You may contact Class Counsel (The Ottinger Firm, 19 Fulton Street, Suite 408, New York, New York 10038, 212-571-2000) to examine or review the pleadings and other records in this litigation, including the Amended Joint Stipulation of Settlement and Release.

If you have any questions or require additional information, you may write to Class Counsel (Christopher Q. Davis, Esq., The Ottinger Firm, 19 Fulton Street, Suite 408, New York, New York 10038, 212-571-2000) or call them.  Please state that you are requesting assistance regarding the UBS Litigation.


Date of Mailing:  _____, 2012

**EXCLUSION FORM**

---

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT, DO *NOT* FILL OUT THIS FORM.**

**IF YOU DO *NOT* WANT TO BE INCLUDED IN THE SETTLEMENT, COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THIS FORM AND RETURN IT VIA FIRST CLASS MAIL, TO THE ADDRESS BELOW, POSTMARKED ON OR BEFORE 45 DAYS AFTER THE NOTICE IS MAILED TO YOU.**

---

Settlement Administrator:

Rust Consulting, Inc.

Mailing Administrator

P. O. Box 2562

Faribault, MN  55021-9562

Tel. No.:  (866) 730-8147

Fax. No.: (866) 458-3183

I declare as follows:

1.    I received notice of the proposed settlement in this action, and I wish to be excluded from the class and **not** to participate in the proposed settlement.

Dated: _____, 2012

_____
(Signature)

_____
(Typed or Printed Name)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)